1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

7
8
9
10
11
12
13

| | |
|---|---|
| RYAN STEVENS, | CASE NO.   1:10-cv-00705-MJS (PC) |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | (ECF No. 9) |
| JAMES YATES, et al., | |
| Defendants. | AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS |
| _____/ | |

14
15

**SCREENING ORDER**

16

**I.    PROCEDURAL HISTORY**

17

On April 22, 2010, Plaintiff Ryan Stevens, a state prisoner proceeding pro se and

18

in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983.  (ECF No. 1.)

19

Plaintiff consented to Magistrate Judge jurisdiction.  (ECF No. 6.)

20

On July 5, 2011, Plaintiff voluntarily amended his pleading.  (ECF No. 9); Fed. R.

21
22

Civ. P. 15(a).  Plaintiff's First Amended Complaint is now before the Court for screening.

23

///

24

**II.    SCREENING REQUIREMENT**

25

The Court is required to screen complaints brought by prisoners seeking relief

26
27

against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

1

§ 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States."  Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 USC § 1983).  Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere.  Graham v. Connor, 490 U.S. 386, 393-94 (1989).

**III.   SUMMARY OF FIRST AMENDED COMPLAINT**

The First Amended Complaint identifies the following individuals as Defendants in this action: (1) James Yates, Warden, Pleasant Valley State Prison (PVSP); (2) John Doe Construction Company; (3) F. Igbinosa, Health Care Manager, PVSP; (4) Coalinga State Hospital; (5) J Walker, Chief, California Health Care Services; (6) Dr. Duenas, PVSP; (7) Dr. Benyamin, PVSP; (8) Dwight Winslow, M.D., Statewide Medical Director; (9) Robin Dezember, Chief Deputy Secretary Correctional Health Care; (10) Nadim Khoury, M.D., Chief Deputy Clinical Services; (11) Terry Hill, M.D., Chief Medical Officer California Prison Health Care; (12) Rick Johnson, CCII HCPO Division of Health Care Services; (13) J Clark Kelso, Federal Receiver; (14) L.D. Zamora, Chief California Prison Health Care Appeals; (15) Anthony S. Lonigro, Chief Executive Officer Health Care Services; (16) Dr. Taher

2

Dour; (17) A. Nesbit, PVSP Health Care Appeals Coordinator; (18) H. Martinez, PVSP Health Care Appeals Coordinator; (19) Warden Trimble; and (20) "known and unknown Defendants."

Plaintiff alleges the following:

On January 12, 2006, Plaintiff was diagnosed with Valley Fever and spent most of that year suffering from it.  (Compl. at 5.)  PVSP is located in an area highly endemic to Valley Fever.  At the time Plaintiff became infected, Coalinga State Hospital was being built adjacent to PVSP.  Valley Fever spores were released into the air as construction disturbed the otherwise dormant spores.  Plaintiff was infected by breathing spores into his lungs.  (Id. at 5, 6.)

PVSP was unprepared to treat Plaintiff's infection; he and other prisoners were initially misdiagnosed.  (Id. at 6.)  Valley Fever is "an incurable fungal parasite that can reactivate at any time . . . ."  (Id. at 7.)  Plaintiff continues to experience chronic pain in his left lung and breathing difficulties.  (Id.)

The parties who sold the land where PVSP now sits, those that purchased the land, "and the John Doe construction company that built this prison were aware that this was a highly endemic area [for Valley Fever] . . . ."  (Id. at 9.)  These individuals disregarded the fact that inmates would become sick and, in some cases, die.  (Id.)

On September 9, 2010, PVSP medical staff implemented a program whereby "medication and treatment" were removed from inmates' possession.  (Id. at 12.)  During the implementation of this program Plaintiff "was accused of drug seeking."  (Id.)  Over a period of time Plaintiff was denied necessary medical treatments (surgery, MRI, analgesic medication, and a back brace) on the grounds that they were "'not medically indicated.'"

3

1    (Id. at 12.)

2        Plaintiff asserts that the aforementioned conduct violated his Eighth Amendment

3    right to adequate medical care.

4    **IV.    ANALYSIS**

5

6        To state a claim under Section 1983, a plaintiff must allege two essential elements:

7    (1) that a right secured by the Constitution or laws of the United States was violated and

8    (2) that the alleged violation was committed by a person acting under the color of state law.

9    See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243,

10    1245 (9th Cir. 1987).

11

12        A complaint must contain "a short and plain statement of the claim showing that the

13    pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are

14    not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by

15    mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949

16    (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set

17    forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its

18    face.'"  Id.  Facial plausibility demands more than the mere possibility that a defendant

19    committed misconduct and, while factual allegations are accepted as true, legal

20

21    conclusions are not.  Id. at 1949-50.

22        **A.    Defendants**

23            1.    Section 1983 Linkage Requirement

24

25        Under  §  1983,  Plaintiff  must  demonstrate  that  each  defendant  personally

26    participated in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir.

27

4

2002).  This requires the presentation of factual allegations sufficient to state a plausible claim for relief.  Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Id.

The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658 (1978).  Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior.  Iqbal, 129 S.Ct. at 1948.  Since a government official cannot be held liable under a theory of vicarious liability in § 1983 actions, Plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions.  Id. at 1948.  In other words, to state a claim for relief under § 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

Plaintiff identifies seventeen persons as Defendants plus an unspecified number of John Does.  However, other than referring to some Defendants as sellers, buyers, and developers of adjacent land, no Defendant is mentioned other than when first identified as a Defendant.  There is no attribution of any constitutional violation to them.  Plaintiff can not state a cognizable claim against a Defendant without supplying factual allegations that link him, her or it to an asserted violation.

"John Doe" defendant liability must also be properly alleged.  A plaintiff may use "Doe" designations to refer to defendants whose names are unknown; however, he must number them in the complaint, e.g., "John Doe 1," "John Doe 2," so that each numbered

John Doe refers to a different specific person.  Plaintiff also must identify how each such named Defendant, including those named as Doe, is liable for a constitutional violation. Dempsey v. Schwarzenegger, 2010 WL 1445460, *2 (N.D. Cal. Apr. 9, 2010); Schrubb v. Tilton, 2009 WL 3334874, *2 (N.D. Cal. Oct. 14, 2009).

The Court will grant Plaintiff leave to amend to link the Defendants to alleged acts or omissions demonstrating a violation of Plaintiff's federal rights.   In his amended complaint, Plaintiff shall either name the defendants involved or list the Doe defendants involved and describe what each did to violate his rights.  If Plaintiff can only list these defendants as John Doe, Plaintiff should allege specific acts that each Doe defendant did, such as "John Doe 1 did X" and "John Doe 2 and 3 did Y."  Alexander v. Tilton, 2009 WL 464486, *5 (E.D. Cal. Feb. 24, 2009).

### 2.   Eleventh Amendment

Plaintiff names Coalinga State Hospital as a Defendant.  Plaintiff can not maintain an action against a state hospital.

The Eleventh Amendment "'erects a general bar against federal lawsuits brought against the state.'"  Wolfson v. Brammer, 616 F.3d 1045, 1065-66 (9th Cir. 2010) (quoting Porter v. Jones, 319 F.3d 483, 491 (9th Cir. 2003)).  The Eleventh Amendment bars suits against state agencies as well as those where the state itself is named as a defendant. Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007).  Because Coalinga State Hospital is a part of the California Department of Mental Health, a state agency, it enjoys Eleventh Amendment immunity from suit.  Allison v. California Adult Authority, 419 F.2d 822, 823 (9th Cir. 1969) (holding that state prison was a state agency entitled to sovereign immunity).

6

3.    <u>Government Actor</u>

Unnamed sellers, buyer and developers of the hospital are named as Doe Defendants in this action.  Plaintiff has stated no basis upon which he could assert a constitutional claim against such defendants who appear to be private individuals or entities, not government actors.

"The United States Constitution protects individual rights only from <u>government action</u>, not from <u>private</u> action."  <u>Single Moms, Inc. v. Montana Power Co.</u>, 331 F.3d 743, 746 (9th Cir. 2003) (emphasis in original).  "Only when the <u>government</u> is responsible for a plaintiff's complaints are individual constitutional rights implicated."  <u>Id.</u> at 746-47 (<u>citing Brentwood Academy v. Tennessee Secondary School Athletic Assoc.</u>, 531 U.S. 288, 295 (2001)) (emphasis in original).

"[S]tate action may be found if, though only if, there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself."  <u>Brentwood Academy</u>, 531 U.S. at 295 (internal quotations and citation omitted).  Private entities have been treated as state actors when they are controlled by a state agency, when they have "been delegated a public function by the State," when they are "entwined with governmental policies," and when the "government is entwined in [their] management or control."  <u>Id.</u> at 296.

Thus, to state a claim against such non-governmental parties, Plaintiff must allege facts demonstrating that each could "be fairly treated as that of the State itself."  <u>Id.</u> at 295 (quoting <u>Jackson v. Metropolitan Edison Co.</u>, 419 U.S. 345, 349 (1974)).

B.    **Federal Rule of Civil Procedure 18(a)**

Federal Rule of Civil Procedure 18(a) states that "[a] party asserting a claim,

counterclaim, crossclaim, or third-party claim may join, as independent or as alternative claims, as many claims as it has against an opposing party." "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.  Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees - for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

The fact that claims are premised on the same type of constitutional violation(s) (e.g. deliberate indifference) against multiple defendants does not make them factually related. Claims are related where they are based on the same precipitating event or on a series of related events caused by the same precipitating event.

Plaintiff's First Amended Complaint violates Rule 18.  Plaintiff asserts his claims in two counts.  The two claims in count one revolve around (1) Plaintiff's Valley Fever diagnosis and (2) the conditions of confinement that allegedly caused Plaintiff to contract Valley Fever.  Count two asserts a single Eighth Amendment claim based on denied back treatment on or after September 9, 2010.

The Court has reviewed, and herein addresses, all of the claims in the First Amended Complaint, even though unrelated so that Plaintiff might choose which he wants to pursue in this action and whether to pursue unrelated claims in different actions.  Plaintiff must file a separate complaint for each unrelated claim against different defendants.  If Plaintiff chooses to file a second amended complaint that does not comply with Rule 18(a),

all unrelated claims will be subject to dismissal.

### C.    Eighth Amendment

Plaintiff claims that he received inadequate medical care in violation of the Eighth Amendment. "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc) (internal quotations omitted)).

Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Jett, 439 F.3d at 1096 (citing McGuckin, 974 F.2d at 1060). The complete denial of medical attention may constitute deliberate indifference. Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986). Delay in providing medical treatment, or interference with medical treatment, may also constitute deliberate indifference. Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000). Where delay is alleged, however, the prisoner must also demonstrate that the delay led to further injury. McGuckin, 974 F.2d at 1060. In order to state a claim for violation of the Eighth Amendment, a plaintiff must allege sufficient facts

9

to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health . . . ." Farmer v. Brennan, 511 U.S. 825, 837 (1994). '[A] difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim.'" Turner v. Greenman, 2011 WL 1343120, *3 (E.D. Cal. Apr. 7, 2011) (quoting Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

"[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106.  The Ninth Circuit has held that mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06).  To state an Eighth Amendment claim in this case, Plaintiff must show that the "course of treatment the doctors chose was medically unacceptable under the circumstances" and "that they chose this course of treatment in conscious disregard of an excessive risk to [Plaintiff's] health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

> 1.    Valley Fever Misdiagnosis

In the first count of the amended complaint, Plaintiff alleges that he contracted Valley Fever, a potentially fatal disease, on January 12, 2006.  Plaintiff allegedly experienced difficulty breathing and suffered scaring on his lungs.  (Compl. at 5, 7.)  The Court finds that Plaintiff has adequately alleged a serious medical need and thus has satisfied the first element of his Eighth Amendment claim. See Doty v. County of Lassen,

37 F.3d 540, 546 (9th Cir. 1994) ("serious" medical conditions are those a reasonable doctor would think worthy of comment, those which significantly affect the prisoner's daily activities, and those which are chronic and accompanied by substantial pain).

However, Plaintiff has not provided  the second element of a Eighth Amendment claim.  He has not pled facts reflecting any Defendants' deliberate indifference.  Plaintiff's sole allegation regarding his inadequate medical care is that "[d]ue to the prison[']s unprepared medical system for valley fever infections many prisoner[s] were misdiagnosed, I was misdiagnosed and told I didn't have valley fever."  (Compl. at 6.) Medical records attached to the First Amended Complaint show that Dr. Mario Deguchi, not identified as a Defendant, ruled out Plaintiff having been infected with Valley Fever on December 29, 2005, based on x-rays taken the day before.  (Id. at 19.)  A February 1, 2006, lab report concluded that Plaintiff had tested positive for Valley Fever based on a sample drawn January 12, 2006.  (Id. at 15.)

Plaintiff does not allege that his x-rays were deliberately read incorrectly or that he suffered as a result of the one month delay in discovering the infection.  Plaintiff does not complain about the medical care he received for Valley Fever after his it was discovered. Accordingly, the Court finds that, as pled, the alleged missed diagnosis was at most an error, i.e., simple negligence. Mere negligence is an insufficient basis for a constitutional claim.  Estelle, 429 U.S. at 106.  Plaintiff must plead true facts which would enable the court to find that Defendants were deliberately indifferent to a serious medical need and that indifference caused some injury to Plaintiff.

### 2.    Conditions of Confinement

The Complaint contains factual allegations regarding the conditions of confinement

11

at PVSP with respect to Valley Fever and the risk of infection at the prison.  The courts of this district have found that claims based solely on Valley Fever exposure and contraction fail to satisfy the first prong of the Eighth Amendment analysis, i.e., that the deprivation is sufficiently serious.  Cooper v. Yates, 2010 WL 4924748, *2 (E.D. Cal. Nov. 29, 2010) (citing King v. Avenal State Prison, 2009 WL 546212, *4 (E.D. Cal. Mar. 4, 2009)).  However, an increased risk of infection may rise to a serious medical need and satisfy the first prong of the Eighth Amendment analysis.  See Hunter v. Yates, 2009 WL 233791, *3 (E.D. Cal. Jan. 30, 2009) (Allegations that Plaintiff was subjected to an increased risk of infection sufficient to state a cognizable claim.)

Plaintiff alleges no facts that would enable the Court to determine if the  Defendants had any duty to warn Plaintiff or offer prophylactic steps to prevent Valley Fever.  Should he choose to amend his Complaint, Plaintiff must supply truthful facts indicating that the Defendants had and deliberately disregarded a duty to act.

3.    Denied Back Treatment

The factual allegations in count two are less clear.  Plaintiff alleges that he was accused of "drug seeking" during the implementation of a new program whereby inmates were no longer permitted to keep their own medication and treatment.  Plaintiff further alleges that certain medical procedures for his back pain were denied as "'not medically indicated'" even though they were medically necessary.  (Compl. at 12.)

Plaintiff has not provided the Court with sufficient facts to determine whether he has satisfied either element of his second Eighth Amendment claim.  Plaintiff does not identify his medical condition..  Plaintiff also does not explain what he means when he alleges that a treatment "was not medically indicated."  (Id.)  As pled, it appears that Plaintiff bases his

12

claim of deliberate indifference on the fact that he believed certain medical procedures were necessary and the medical staff disagreed.   If so, Plaintiff is notified that a disagreement between patient and medical provider alone does not support a section 1983 claim.  Franklin, 662 F.2d at 1344.

**V.      CONCLUSION AND ORDER**

Plaintiff's First Amended Complaint does not state a claim for relief under section 1983.  The Court will grant Plaintiff an opportunity to file an amended complaint.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).   If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948-49.  Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'"  Id. at 1949 (quoting Twombly, 550 U.S. at 555 (2007)).     Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights.  Jones, 297 F.3d at 934.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims.  George, 507 F.3d at 607.  Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.   As a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once an amended complaint is filed, the original complaint no longer serves any function in the case.   Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

13

The amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1.      The Clerk's Office shall send Plaintiff (1) a blank civil rights complaint form and (2) a copy of his First Amended Complaint, filed July 5, 2011;

2.      Plaintiff's First Amended Complaint is dismissed for failure to state a claim upon which relief may be granted;

3.      Plaintiff shall file an amended complaint within thirty (30) days; and

4.      If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim and failure to comply with a court order.

IT IS SO ORDERED.

Dated:   March 29, 2012          /s/ Michael J. Seng
                                 UNITED STATES MAGISTRATE JUDGE

14