UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN STEVENS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>JAMES YATES, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO.　1:10-cv-00705-MJS (PC)<br><br>ORDER DISMISSING PLAINTIFF'S SECOND AMENDED COMPLAINT FOR FAILURE TO STATE A COGNIZABLE CLAIM<br><br>(ECF No. 17)<br><br>CLERK SHALL CLOSE THE CASE |

**SCREENING ORDER**

**I.　PROCEDURAL HISTORY**

On April 22, 2010, Plaintiff Ryan Stevens, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff consented to Magistrate Judge jurisdiction. (ECF No. 6.)

On July 5, 2011, Plaintiff voluntarily amended his pleading. (ECF No. 9); Fed. R. Civ. P. 15(a). On March 29, 2012, Plaintiff's First Amended Complaint was screened and dismissed, with leave to amend, for failure to state a cognizable claim. (ECF No. 10.)

Plaintiff's Second Amended Complaint (ECF No. 17) is now before the Court for screening.

## II.     SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

## III.    SUMMARY OF SECOND AMENDED COMPLAINT

The Second Amended Complaint identifies the following individuals as Defendants: (1) Matthew Cate, Secretary, Youth & Adult Corrections Agency; (2) James A. Yates, Warden, Pleasant Valley States Prison (PVSP); (3) F. Igbinosa, M.D., Chief Medical Officer, PVSP; (4) Mario Deguchi, M.D., Radiologist; and (5) John Does 1 through 10.

Plaintiff alleges the following:

2

Valley Fever is a potentially deadly disease prevalent at PVSP where Plaintiff is incarcerated. In November, 2005, Plaintiff began to experience "severe body aches, low grade fever, night sweats, coughing and an inordinate shortness of breath." (Compl. at 8.) A physician examined Plaintiff and ordered chest x-rays and a blood test to detect signs of Valley Fever. (Id.) The x-rays were conducted on December 6, 2005, and Defendant Deguchi reported his examination of those images on December 28, 2005. Deguchi noted "slight interval worsening of the left upper lobe infiltrate," but nevertheless ruled out Valley Fever. (Id. at 7.) However, the blood test followed in January, 2006, and showed Plaintiff tested positive for Valley Fever. (Id. at 8.) Deguchi conducted a follow-up examination under the impression that Plaintiff may have been suffering from pneumonia. He observed that what had been slight worsening a month prior was now "a near complete resolution . . . ." Defendant Deguchi misread the December 6, 2005, x-rays and allowed the Valley Fever spores to spread in Plaintiff's lungs "unchecked for an unreasonable amount of time." (Id. at 7.)

Plaintiff began receiving treatment for his Valley Fever and the more significant symptoms abated. (Id. at 8.) However, Plaintiff continues to suffer chest and joint pain, shortness of breath, and exhaustion. (Id.) Valley Fever remains dormant in the body and can reactivate. Plaintiff will remain infected and suffer residual symptoms throughout his life. The threat of a relapse is a constant source of concern for Plaintiff. (Id. at 8, 9.) Valley Fever can also lead to numerous other life threatening conditions. (Id. at 9.)

Over the last eight years, nearly one thousand inmates and almost one hundred staff members have contracted Valley Fever at PVSP. More than a dozen inmates and at least one staff member have died. Defendants have been aware of the dangers of Valley

3

Fever and its prevalence at PVSP.  Nevertheless, they violated Plaintiff's Eighth and Fourteenth Amendment rights by failing to warn Plaintiff or take steps to mitigate the risk of contracting Valley Fever at PVSP.  (Id. at 4.)  Defendant John Does were involved in construction that disturbed soil surrounding PVSP and failed to warn Plaintiff or ensure that PVSP officials took steps to protect against the resulting increased risk of Valley Fever infection.  (Id. at 8.)

## IV.   ANALYSIS

### A.   Section 1983

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Id.  Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not.  Id. at 1949-50.

B. **Eighth Amendment**

1. Conditions of Confinement

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9 (1992) (citations and quotations omitted). In order to state a claim for violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. E.g., Farmer v. Brennan, 511 U.S. 825, 847 (1994); Thomas v. Ponder, 611 F.3d 1144, 1151-52 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

The Second Amended Complaint alleges Eighth Amendment violations based on the general risk of contracting Valley Fever and the increased risk created by nearby construction disturbing the soil.

"'[T]o the extent that Plaintiff is attempting to pursue an Eighth Amendment claim for the mere fact that he was confined in a location where Valley Fever spores existed which caused him to contract Valley Fever, he is advised that no courts have held that exposure to Valley Fever spores presents an excessive risk to inmate health.'" Cooper v. Yates, 2010 WL 4924748, *2 (E.D. Cal. Nov. 29, 2010) (citing King v. Avenal State Prison, 2009 WL 546212, *4 (E.D. Cal. Mar. 4, 2009)). As the Court stated in its previous

screening order, claims based on Valley Fever exposure and contraction fail to satisfy the first prong of the Eighth Amendment analysis, i.e., that the deprivation is sufficiently serious. Exposure to the disease at PVSP is not, in and of itself, an excessive risk to inmate health; Defendants had no duty to take steps to reduce the risk. Tholmer v. Yates, 2009 WL 174162, *3 (E.D. Cal. Jan. 26, 2009) ("Plaintiff fails to allege facts that indicate Defendants are responsible for the conditions of which Plaintiff complains," such as "acts or omissions of Defendants have caused an excessively high risk of contracting valley fever at PVSP").

Plaintiff further alleges that Defendant John Does created an increased risk of infection by disturbing nearby soil during construction and failed to take measures to mitigate the risk or warn Plaintiff. An increased risk of infection amounts to a serious medical need and satisfies the first prong of the Eighth Amendment analysis. See Hunter v. Yates, 2009 WL 233791, *3 (E.D. Cal. Jan. 30, 2009) (Allegations that Plaintiff was subjected to an increased risk of infection sufficient to state a cognizable claim.) However, Plaintiff fails to allege that any of the Defendants were deliberately indifferent to the substantial risk of harm caused by the construction.

The Second Amended Complaint contains no facts in support of the conclusion that any of the Defendants were actually aware of the increased risk created by the construction. "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was

6

not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)). Plaintiff's conclusion that the Defendants were actually aware of the risk created by the construction is not supported by any factual allegations. Mere conclusory statements do not satisfy the threshold pleading requirement. Iqbal, 129 S.Ct. at 1949.

Plaintiff has failed to state a cognizable Eighth Amendment claim against any of the Defendants based on his alleged exposure to Valley Fever at PVSP. The Court previously provided Plaintiff with the applicable legal standard and gave him an opportunity to amend to assert a claim which met that standard. Plaintiff has been unable to do so. Accordingly, Plaintiff's Eighth Amendment conditions of confinement claims are dismissed with prejudice.

### 2. Inadequate Medical Care

Plaintiff claims that he received inadequate medical care in violation of the Eighth Amendment. "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc) (internal

quotations omitted)).

Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Jett, 439 F.3d at 1096 (citing McGuckin, 974 F.2d at 1060). The complete denial of medical attention may constitute deliberate indifference. Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986). Delay in providing medical treatment, or interference with medical treatment, may also constitute deliberate indifference. Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000). Where delay is alleged, however, the prisoner must also demonstrate that the delay led to further injury. McGuckin, 974 F.2d at 1060. In order to state a claim for violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health . . . ." Farmer, 511 U.S. at 837. '[A] difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim.'" Turner v. Greenman, 2011 WL 1343120, *3 (E.D. Cal. Apr. 7, 2011) (quoting Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

"[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106. The Ninth Circuit has held that mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06). To state an Eighth Amendment claim in this case, Plaintiff must show that the "course of treatment the doctors chose was medically unacceptable under the

8

circumstances" and "that they chose this course of treatment in conscious disregard of an excessive risk to [Plaintiff's] health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

Plaintiff alleges that he experienced "severe body aches, low grade fever, night sweats, coughing and an inordinate shortness of breath" in November, 2005. Plaintiff's chest was x-rayed on December 6, 2005. Defendant Deguchi examined the x-rays and ruled out Valley Fever on December 28, 2005. Plaintiff's allegations suggest that Deguchi believed Plaintiff was suffering from pneumonia. Plaintiff's January, 2006, blood test determined that Plaintiff had contracted Valley Fever. Sometime after the initial examination of Plaintiff's x-rays, Deguchi conducted a follow-up exam, reviewed x-rays and observed that what had been slight worsening a month prior was now "a near complete resolution . . . ."

Plaintiff has adequately alleged a serious medical need in satisfaction of the first prerequisite to an Eighth Amendment claim. See Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994) ("serious" medical conditions are those a reasonable doctor would think worthy of comment, those which significantly affect the prisoner's daily activities, and those which are chronic and accompanied by substantial pain).

However, Plaintiff has failed to allege that Defendant Deguchi acted with deliberate indifference. Plaintiff claims that Defendant Deguchi did not recognize Plaintiff's initial Valley Fever infection on the December 6, 2005, x-rays. His failure allegedly allowed the infection to grow. His follow-up finding ruling out infection purportedly exhibited a deliberate indifference to Plaintiff's serious medical need.

The allegations reflect that Deguchi exercised his medical judgment, but misread

the x-rays. The fact that Plaintiff suffered as a result does not mean that Deguchi acted with deliberate indifference. The conduct described alleges nothing more, at its worst, than negligence or medical malpractice. "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106. Plaintiff pleads no facts, as he must, demonstrating that Defendant Deguchi's diagnosis was medically unacceptable under the circumstances. The Second Amended Complaint does not state a cognizable inadequate medical care claim against Defendant Deguchi. The previous screening order instructed Plaintiff on the applicable standard, but his new pleading still fails properly to allege deliberate indifference. Plaintiff's Eighth Amendment inadequate medical care claim is therefore dismissed with prejudice.

## V.     CONCLUSION AND ORDER

For the reasons stated above, the Court finds that Plaintiff's Second Amended Complaint fails to state a claim upon which relief may be granted and that leave to amend would be futile. See Noll v. Carson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Accordingly, Plaintiff's Second Amended Complaint is DISMISSED WITH PREJUDICE for failure to state a claim. The Clerk shall close the case.

IT IS SO ORDERED.

Dated:   June 27, 2012           /s/ *Michael J. Seng*
                                 UNITED STATES MAGISTRATE JUDGE